IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY R. DEWEESE,                                                                PLAINTIFF
ADC #552216

v.                                          4:22CV01048-DPM-JTK

WHITE, et al.                                                                      DEFENDANTS

**ORDER**

Bradley R. DeWeese ("Plaintiff") is confined in the Pulaski County Detention Center. He filed this pro se action under 42 U.S.C. § 1983 against ten Pulaski County Detention Center officers in their personal and official capacities alleging violations of his federally protected rights.[1] (Doc. Nos. 2, 3).

**I.    Plaintiff's Complaint**

Plaintiff, a pretrial detainee, alleges that Defendants denied inmates access to grievances, showers, mail, telephones—including calls to attorneys—and the law library on multiple dates in September and October 2022. (Doc. Nos. 2, 3). Plaintiff specifically identified September 19, 2022, and the period of September 22-29, 2022, as well as October 1, 6, 8-9, 11, and 16-19, 2022. (Doc. No. 2 at 5-7). Plaintiff explained that on October 11, 2022, Defendant Calloway "let out 40 inmates for 1 hour." (Id. at 7). Plaintiff explained to Defendant Calloway that "we on the bottom tier have not been out the cell since the morning on 10/7/2022 and only 3 kiosk work 5 phones work that half of us haven't even gotten a chance to use the kiosk, phone, and shower . . .

---

[1] A second inmate is listed as a Plaintiff and signed the Complaint. (Doc. No. 2 at 9; Doc. No. 3 at 9). The Court opened a separate action for each Plaintiff. The related case is McAllister v. White, 4:22-cv-01047-DPM-JTK. The Court also notes that Plaintiff filed a Complaint and Amended Complaint. (Doc. Nos. 2, 3). The two pleadings are largely identical. The Court refers to the two documents together as Plaintiff's Complaint.

." (Id.). Plaintiff also complained to Defendant Dennis "that we have been locked down since 10/15/22 at 11:00 a.m. almost 5 days and with only 5 out of 6 phones, and 3 out of 4 kiosk that work there would be no way that 40 inmates would all get a chance to use phone, kiosk or even take a shower." (Id. at 7-8). Plaintiff believes Defendants' behavior constituted cruel and unusual punishment. (Id. at 8). Plaintiff seeks damages, among other relief. (Id. at 9).

**II.    Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Facts and Analysis

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

"[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Hollingsworth v. Perry, 570 U.S. 693, 704 (2013). See also 42 U.S.C. § 1983 (establishing liability "to the party injured). To the extent a plaintiff alleges that a defendant's actions harmed others, the plaintiff lacks standing to bring that claim. Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (internal citation omitted)).

Further, pro se litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action, including a class action lawsuit. Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); cf. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").

A. **Allegations Not Limited to Plaintiff's Experience**

Plaintiff complains of conditions common to multiple inmates. (Doc. Nos. 2, 3). But not all inmates were subject to the same conditions at all times. For example, some inmates were "let out" for an hour on October 11, 2022. (Doc. No. 2 at 7). Further, it seems that inmates were not outright denied use of the telephone and kiosks, but rather that not all phones and kiosks were in working order ("only 5 out of 6 phones, and 3 out of 4 kiosk that work . . . ."). (Doc. No. 2 at 7). It is not clear which deprivations Plaintiff suffered on which days. Under these circumstances, the Court is uncertain if all allegations are Plaintiff's own experience. This is important because, as explained above, for a plaintiff to establish liability against a defendant, the plaintiff must have suffered some personal injury as a result of a defendant's unlawful actions. And without some injury to the plaintiff, there is no viable case or controversy.

B. **Superseding Amended Complaint**

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[2] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct**

---

[2] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint be dismissed. See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

### IV. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint, as amended, be dismissed. See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

IT IS SO ORDERED this 1st day of November, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE